DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
DAVID B. NEWDORF, State Bar #172960
SEAN F. CONNOLLY, State Bar #152235
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3892
Facsimile: (415) 554-3837
E-Mail: david.newdorf@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG AND JESSE SERNA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCO MAESTRINI,

Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,

Defendants.

Case No. C 07-2941 PJH

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**

**[F. R. CIV. P. 12(B)(6)]**

Judge: Hon. Phyllis J. Hamilton
Hearing Date: September 12, 2007
Time: 9:00 A.M.
Place: Crtrm. 3, 17th Floor

Trial Date: Not Set

n:\lit\li2007\071561\00425400.doc

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ ii

NOTICE OF MOTION ........ 1

MEMORANDUM OF POINTS & AUTHORITIES ........ 1

I. PLAINTIFF DOES NOT PLEAD A CLAIM FOR DISCRIMINATION UNDER CALIFORNIA CIVIL CODE SECTION 51.7. ........ 1

II. PLAINTIFF DOES NOT PLEAD A CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1. ........ 1

III. POLICE OFFICERS CAN ONLY BE LIABLE FOR USE OF FORCE UNDER STATE LAW WHEN THE ELEMENTS OF A "BATTERY BY A PEACE OFFICER" ARE MET. ........ 2

A. Under State Law, Plaintiff Must Prove That The Use Of Force Was Unreasonable ........ 3

B. When A Peace Officer's Use Of Force Is Privileged Under The Penal Code, There Is No Tort Liability Under Any Legal Theory, Including Negligence. ........ 5

IV. PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION FAILS AS A MATTER OF LAW. ........ 7

CONCLUSION ........ 8

# TABLE OF AUTHORITIES

**State Cases**

*City of Simi Valley v. Superior Court*
111 Cal. App. 4th 1077 (2003) ........................................ 6

*Eastburn v. Reg'l Fire Protection Auth.*
31 Cal.4th 1175 (2003) ........................................ 7

*Edson v. City of Anaheim*
63 Cal. App. 4th 1269 (1998) ........................................ 3, 4, 5

*Gilmore v. Superior Court*
230 Cal. App. 3d 416 (1991) ........................................ 5

*Jones v. Kmart Corp.*
17 Cal. 4th 329 (1998) ........................................ 2

*Munoz v. City of Union City*
120 Cal. App. 4th 1077 (2004) ........................................ 4, 5, 6, 7

*Neal v. Helbling*
726 S.W.2d 483 (Mo. Ct. App. 1987) ........................................ 4

*People v. Curtis*
70 Cal. 2d 347 (1969) ........................................ 3

*Tom v. Voida*
654 N.E.2d 776 (Ind. App. 1996) ........................................ 5

*Van Vorous v. Burmeister*
687 N.W.2d 132 (Mich. App. 2004) ........................................ 5

*Venegas v. County of Los Angeles*
32 Cal. 4th 820 (2004) ........................................ 1

*Williams v. City of Jacksonville*
599 S.E.2d 422 (N.C. App. 2004) ........................................ 5

*Zelig v. County of Los Angeles*
27 Cal. 4th 1112 (2002) ........................................ 6

**State Statutes & Codes**

Civil Code § 51.7 ........................................ 1

Civil Code § 52.1 ........................................ 1, 2

Pen. Code
§ 835a ........................................ 3

**Federal Cases**

*Foster v. City of Fresno*
392 F.Supp.2d 1140 (E.D. Cal. 2005) ....................6

*Garcia v. United States*
826 F.2d 806 (9th Cir. 1987)....................5

*Graham v. Connor*
490 U.S. 386 (1989)....................5

*Johnson v. County of Los Angeles*
340 F.3d 787 (9th Cir. 2003) ....................4

*Saman v. Robbins*
173 F.3d 1150 (9th Cir. 1999) ....................4

*Walker v. County of Santa Clara*
2005 WL 2437037 (N.D. Cal. Sept. 30, 2005) ....................7

**NOTICE OF MOTION**

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

TAKE NOTICE THAT on September 12, 2007 at 9:00 a.m. in Courtroom 3 at 450 Golden Gate Ave., San Francisco, California, 17th Floor, Defendants will and hereby do move to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). This motion is based upon this notice, the attached memorandum of points and authorities, the court file for this matter, reply brief, and any argument that may be heard.

**MEMORANDUM OF POINTS & AUTHORITIES**

**I. PLAINTIFF DOES NOT PLEAD A CLAIM FOR DISCRIMINATION UNDER CALIFORNIA CIVIL CODE SECTION 51.7.**

Plaintiff alleges in his eighth cause of action a violation of California Civil Code section 51.7 because Officer Serna allegedly "intended to intimidate him by violence and threat of violence against him." Compl. ¶ 49. Plaintiff fails to allege a necessary element of this claim, namely that he is a member of a protected class. The statute applies *only* to conduct that is "because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics." Civil Code § 51.7(a). In the words of a California Supreme Court justice, a violation of this section requires a showing of "discriminatory intent." *Venegas v. County of Los Angeles,* 32 Cal. 4th 820, 851 (2004) (Baxter, J., concurring). As Plaintiff does not allege discrimination based on membership in a protected class, this claim must be dismissed.

**II. PLAINTIFF DOES NOT PLEAD A CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1.**

Plaintiff does not allege any intent to interfere with protected rights, and thus his claim under Civil Code section 52.1 fails. Plaintiff alleges that defendants violated section 52.1 "through use of wrongful and excessive force, and failure to make any proper or reasonable detention." Compl. ¶ 53. This is not enough. Civil Code section 52.1 prohibits conduct that

> interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state…

Cal. Civil Code § 52.1(a).

Under the statute, plaintiff must show *both* "threats, intimidation and coercion" *and* an interference or attempted interference with a federal constitutional right. *See Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998) (§ 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion"). Plaintiff wraps these separate elements into one in claiming that by using excessive force or making an unlawful seizure under the Fourth Amendment, plaintiff interfered with his rights under the Fourth Amendment.

The California official jury instructions make clear that there are two separate elements – use of force *and* intent to interfere with rights – both of which must be alleged and proved. CACI No. 3025 lists the essential factual elements of the claim as follows:

> [Name of plaintiff] claims that [name of defendant] intentionally interfered with [or attempted to interfere with] [his/her]'s civil rights by threatening or committing violent acts. To establish this claim, [name of plaintiff] must prove all of the following:
>
> 1. [name of defendant] interfered with [or attempted to interfere with] [name of plaintiff]'s right [insert alleged constitutional or statutory right] by threatening or committing violent acts;
>
> 2. [That [name of plaintiff] reasonably believed that if [he/she] exercised [his/her] right [insert right, e.g., "to vote"] [name of defendant] would commit violence against [him/her] or [his/her] property;]
>
> [That [name of defendant] injured [name of plaintiff] or [his/her] property to prevent [him/her] from exercising [his/her] right to [insert right] or retaliate against [name of plaintiff] for having exercised [his/her] right [insert right];]
>
> 3. That [name of plaintiff] was harmed; and
>
> 4. That [name of defendant]'s conduct was a substantial factor in causing [name of plaintiff]'s harm.

Obviously, not every act of violence interferes with the *separate* exercise of a constitutional right. Conversely, not every constitutional violation requires violence. But Section 52.1 requires both. Here, plaintiff does not allege use of violence coupled with an intent to interfere with the exercise of a constitutional right. Plaintiff's claim under Section 52.1 thus fails.

## III. POLICE OFFICERS CAN ONLY BE LIABLE FOR USE OF FORCE UNDER STATE LAW WHEN THE ELEMENTS OF A "BATTERY BY A PEACE OFFICER" ARE MET.

Plaintiffs have alleged state law claims for injury from use of force by a peace officer under various different theories. However, these theories – negligent infliction of emotional distress,

intentional infliction of emotional distress and negligence – do not contain the elements required under state law to hold a police officer liable for use of force. Under the state law claim of "battery by a police officer," plaintiff must prove as an essential element of the claim that defendant "used unreasonable force to [arrest/prevent the escape of/overcome the resistance of/insert other applicable action] [name of plaintiff]." CACI Jury Instruction No. 1305. This standard incorporates the officer's privilege to use reasonable force under the California Penal Code, section 835a. The state law claims for use of force *other than* "battery by a peace officer" must therefore be dismissed.

**A. Under State Law, Plaintiff Must Prove That The Use Of Force Was Unreasonable.**

Peace officers are privileged under California law to use reasonable force to make an arrest, prevent an escape, or overcome resistance. Pen. Code § 835a; *People v. Curtis*, 70 Cal. 2d 347, 359 (1969).[1] The reason for this privilege is clear. "Unlike private citizens, police officers act under color of law to protect the public interest. They are charged with acting affirmatively and using force as part of their duties." *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1273 (1998) .

The Penal Code privilege under California law means that the California standard governing the use of force by peace officers is the same as the standard under federal civil rights law: it is the plaintiff's burden to prove that the officer's use of force was unreasonable under the totality of the circumstances. *Edson*, 63 Cal. App. 4th at 1274; *Martinez v. County of Los Angeles* 47 Cal. App. 4th 334, 349-50 (1996) (reasonableness of peace officer's use of force under federal law defeated state law battery claim).

The leading case in California on this issue is *Edson v. City of Anaheim*, *supra*. In *Edson*, the Court of Appeal decided that under California law – as under federal law – a plaintiff challenging a peace officer's use of force has the burden of proving the unreasonableness of the force. In reaching

[1] Penal Code section 835a reads, in full: "Any peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense may use reasonable force to effect the arrest, to prevent escape or overcome resistance. [¶] A peace officer who makes or attempts to make an arrest need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being arrested; nor shall such officer be deemed an aggressor or lose his right to self-defense by the use of reasonable force to effect the arrest or to prevent escape or to overcome resistance."

this conclusion, the Court of Appeal in *Edson* made several compelling observations regarding the "special situation" of peace officers charged with using force to protect the public:

> This rule takes into account the special situation of the police defendant. Unlike private citizens, police officers act under color of law to protect the public interest. They are charged with acting affirmatively and using force as part of their duties, because "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." (*Edson*, *supra*, 63 Cal. App. 4th at 1273 [quoting *Graham v. Connor,* 490 U.S. at 396].)

The *Edson* Court observed that placing the burden on the plaintiff to show unreasonableness – as under federal law – afforded officers the necessary room to make split-second decisions under dangerous and fluid circumstances, and would limit unfair second-guessing of officer decisions:

> Equally important, a police officer must have control over the manner and means of making an arrest or detention. The interests of the commonweal happily coincide here with sound logic. Both dictate that "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." (*Graham v. Connor, supra*, 490 U.S. at pp. 396-397.) Placing the burden of proof on the plaintiff gives the police appropriate maneuvering room in which to make such judgments free from the need to justify every action in a court of law. (*Edson*, *supra*, 63 Cal. App. 4th at 1273.)

To limit such second-guessing of officer tactics, the Court of Appeal held that under the Penal Code, a plaintiff could not premise liability on allegedly negligent police conduct: "We share the view … that 'the officer in the first instance is the judge of the manner and means to be taken in making an arrest. Unless a plaintiff can show that unnecessary force was used, courts will protect the officer.' " 63 Cal. App. 4th at 1274 (quoting *Neal v. Helbling,* 726 S.W.2d 483, 487 (Mo. Ct. App. 1987)); *accord Johnson v. County of Los Angeles,* 340 F.3d 787, 794 (9th Cir. 2003) (relying on *Edson* in denying state law battery claim where force was not unreasonable under federal law); *Saman v. Robbins,* 173 F.3d 1150, 1156-57 (9th Cir. 1999) (same).

Similarly, in *Munoz v. City of Union City,* 120 Cal. App. 4th 1077 (2004), the California Court of Appeal specifically held that the peace officers' tactical decisions about use of force was not a basis for negligence liability:

> [T]he conduct of the police – [Corporal] Woodward's decisions how to deploy his officers at the scene, the efforts made in an attempt to defuse the situation as safely as possible, and other such factors – cannot subject appellants [officers and their public entity employer] to liability. For these reasons,

> finding a tort duty and submitting to the jury the question of whether police decisions fell below the standard of care, was error. (*Munoz v. City of Union City*, *supra*, 120 Cal. App. 4th at 1097.)

The courts of several other states are in accord with *Edson*. *See Van Vorous v. Burmeister,* 687 N.W.2d 132, 142-43 (Mich. App. 2004) (federal finding of no excessive force barred any liability under state tort law); *Williams v. City of Jacksonville,* 599 S.E.2d 422, 428-31 (N.C. App. 2004) (same); *Tom v. Voida,* 654 N.E.2d 776, 784-85 (Ind. App. 1996) (same); *cf. Garcia v. United States,* 826 F.2d 806, 810 (9th Cir. 1987) (under Arizona law, where peace officer's force is "justified," there is no liability even if conduct is negligent); *see also Edson*, *supra*, 63 Cal. App. 4th at 1272 (citing other states' cases that burden plaintiff with proving unreasonableness of peace officer force).

The California Penal Code privilege reflects the unique position of peace officers with regard to the use of force: peace officers are affirmatively charged with using force as part of their law enforcement responsibilities, so they are immune from liability for any reasonable use of force. The United States Supreme Court explicitly recognized this same unique position of peace officers in *Graham v. Connor,* 490 U.S. 386 (1989), and adopted a reasonableness standard for use of force liability. As recognized by California courts, the word "reasonable" means the same thing under both federal and California law. This common-sense holding provides a single, clear reasonableness standard to the peace officers in the field who must make split-second decisions as they confront dangerous suspects who threaten public safety. Permitting a jury to apply differing standards of negligence or other tort theories to the use of force would contravene these consistent state and federal standards under *Edson* and *Graham.*

**B. When A Peace Officer's Use Of Force Is Privileged Under The Penal Code, There Is No Tort Liability Under Any Legal Theory, Including Negligence.**

Under California law, when plaintiff cannot meet his burden of showing that the force used was unreasonable, the Penal Code privilege defeats liability for peace officer use of force under *any* state tort theory, including negligence. "A privileged act is by definition one for which the actor is absolved of any tort liability, whether premised on the theory of negligence or of intent." *See Gilmore v. Superior Court,* 230 Cal. App. 3d 416, 421 (1991) .) Thus, "if, in a particular case, the facts establish a justifiable [use of force] under the Penal Code, there is no civil liability." *Id.* at 422;

*see also Foster v. City of Fresno*, 392 F.Supp. 2d 1140, 1159 (E.D. Cal. 2005) (no civil liability for police officers who used deadly force that was justified under Penal Code privilege).

In *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, the state Court of Appeal held that there could be "no liability based upon when and how law enforcement personnel respond to requests for emergency assistance from the public." *Id.* at 1094. Rather, the only duty that officers had was "a duty to refrain from unreasonable use of deadly force" (*id.*) – the same duty imposed by the Penal Code. The state Court of Appeal in *City of Simi Valley v. Superior Court*, 111 Cal. App. 4th 1077 (2003) , echoed these policy concerns in finding that collateral estoppel barred a negligence action challenging a peace officer use of force that had already been determined to be objectively reasonable under federal civil rights law. The Court held that:

> A reasonable person, other police officers, attorneys, and even judges and justices may disagree on the tactics used to defuse this life-threatening situation. But once it has been factually determined that the officers' actions were "objectively reasonable" by the United States District Court and such determination has been affirmed by the Ninth Circuit Court of Appeals, the time for second guessing, i.e., "Monday-morning quarterbacking" (see *Adams v. City of Fremont, supra*, 68 Cal. App. 4th at p. 269 …) must cease. (*City of Simi Valley v. Superior Court, supra*, 111 Cal. App. 4th at p. 1086.)

As California courts have repeatedly made clear, public entity and public employee liability exists only pursuant to statute under "rigidly delineated circumstances." *Zelig v. County of Los Angeles*, 27 Cal. 4th 1112, 1127 (2002). As it relates to use of force, the Penal Code provides the statutory basis for liability and privilege. Peace officers must have leeway to make tactical decisions as they confront dangerous suspects, without risking tort liability that is inconsistent with the Penal Code privilege.

These courts have concluded that the "totality of the circumstances" test of reasonable force under federal law and the identical Penal Code privilege under state law is the appropriate – and exclusive – standard for peace officers who are charged to use force to carry out their duties. Officers' decisions in a dangerous situation leading up to the use of force are protected by the California Penal Code privilege, and these decisions are not subject to second-guessing under a separate negligence or other tort standard.

## IV. PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION FAILS AS A MATTER OF LAW.

As discussed in *Eastburn v. Reg'l Fire Protection Auth*., 31 Cal. 4th 1175, 1183-84 (2003), the, "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care...." In *Eastburn*, the court found no direct liability because there was no statutory provision "declaring or defining a public agency's duty of care with respect to handling 911 emergency calls." *Id*. at 1180. The California Court of Appeal in *Munoz v. City of Union City* applied the same principle. In *Munoz*, plaintiffs were relatives of a woman shot and killed by police officers, and filed a wrongful death action against the officer and the city. The decedent was under the influence and brandishing two knives in her home near her family members when she was confronted by police officers called to the scene. She was shot by a police officer during the officer's attempt to calm her down. The plaintiffs claimed that the city's inadequate training, and supervision of officers in responding to crisis situations caused the death. The *Munoz* court held that, as plaintiffs were unable to find a statutory basis for their negligence claim, the defendant city was not directly liable for failing to provide clearer police procedures in confrontational situations, more effective officer supervision, or more effective officer training. *Munoz*, 120 Cal. App. 4th 1077, 1112-13 (2004).

Similarly, here plaintiff's claim against the City in his eleventh cause of action for negligent hiring, retention, training, supervision and discipline are not properly based on section 815.2(a). As plaintiffs cannot identify any statutory basis for liability against San Francisco, these state law claims must be dismissed. *See Walker v. County of Santa Clara*, 2005 WL 2437037 (N.D. Cal. Sept. 30, 2005) (dismissing state claims for negligent hiring, training and supervision based on *Eastburn* and *Munoz*).

**CONCLUSION**

The Court should grant the motion to dismiss as to the sixth, seventh, eighth, ninth, tenth and eleventh causes of action.

Dated: July 13, 2007

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
DAVID B. NEWDORF
SEAN F. CONNOLLY
Deputy City Attorneys

By: /s/
DAVID B. NEWDORF

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG AND JESSE SERNA