JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200         Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
       bnisenbaum@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marco Maestrini,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,<br><br>            Defendants.<br>_____ / | Case No. C 07 2941 PJH<br><br>**PLAINTIFF'S OPPOSITION IN PART TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (FRCP 12(b)(6))**<br><br>Time: 9:00 a.m.<br>Date: September 12, 2007<br>Location: Ctrm 3, 17th Floor<br><br>Hon. Phyllis J. Hamilton |

# TABLE OF CONTENTS

Table of Contents…………………………………………………………………………..…2

Table of Authorities……………………………………………………………………….….3

Memorandum of Points and Authorities…………………………………………………..….4

    I.  Dismissal of Eighth Cause of Action alleging violation of Civil Code section 51.7……...4

    II. Dismissal of Plaintiff's Ninth Cause of Action alleging violation of Civil Code
       Section 52.1 should be  denied……………………………………………………………4

    III. Plaintiff can maintain state law claim for Intentional Infliction of Emotional Distress…..7

    IV. Liability against Defendant CITY……………………………………………………...9

Conclusion……………………………………………………………………………………10

# TABLE OF AUTHORITIES

Statutory Authorities:

Federal Rule of Civil Procedure 12(b)(6)………………………………………………………4

BAJI 12.70 Intentional Infliction of Emotional Distress……………………………………….8

California Government Code section 815.2…………………………………………………….9

Cases:

*Gillespie v. Civiletti* (9th Cir. 1980) 629 F.2d 637……………………………………………4

*Strother v. Southern California Permanente Medical Group* (9th Cir. 1996) 79 F.3d 859………..4

*Lewis v. Telephone Employees Credit Union* (9th Cir. 1996) 87 F.3d 1537……………………….4

*Kerr v. Federal Emergency Management Agency* (C.A. 8, Mo. 1997) 113 F.3d 884………………..4

*Youngberg v. Bekins Co.* (E.D. Cal. 1996) 930 F.Supp. 1396……………………………………….4

*Bernheim v. Litt* (N.Y. 2d Cir. 1996) 79 F.3d 318………………………………………………….4

*Gulliford v. Pierce County* 136 f.3d 1345 (9th Cir. 1997)…………………………………………5

*Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.* 387 F.Supp.2d 1084 (N.D.Cal, 2005)……………………………………………………………6

*Jones v. Kmart Corp.,* 17 Cal. 4th 329, 334 (1998)……………………………………………6

*Edson v. City of Anaheim* 63 Cal.App.4th 1269……………………………………………..7

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. **NON-OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINITFF'S CLAIM FOR DISCRIMINATION UNDER CALIFORNIA CIVIL CODE SECTION 51.7**

Plaintiff does not oppose Defendant's motion to dismiss his Eighth Cause of Action alleging violation California Civil Code section 51.7.

**II. DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1 SHOULD BE DENIED.**

When deciding a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material fact allegations of the Complaint. *Gillespie v. Civiletti* (9th Cir. 1980) 629 F.2d 637, 640; *Rendon v. Fresno Police Dept.,* 2006 WL 2694358 (E.D. Cal.).

Complaints should not be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. FRCP Rule 12(b)(6); *Gillespie v. Civiletti* (9th Cir. 1980) 629 F.2d 637, 640; *Strother v. Southern California Permanente Medical Group* (9th Cir. 1996) 79 F.3d 859, amended on denial of rehearing; *Lewis v. Telephone Employees Credit Union* (9th Cir. 1996) 87 F.3d 1537, 1545; *Kerr v. Federal Emergency Management Agency* (C.A. 8, Mo. 1997) 113 F.3d 884.

On a motion to dismiss for failure to state a claim, the Court is bound to give Plaintiff the benefit of every reasonable inference that can be drawn from well-pleaded allegations of the Complaint. *Youngberg v. Bekins Co.* (E.D. Cal. 1996) 930 F.Supp. 1396.

This standard governing motions to dismiss for failure to state a claim is applied even more liberally where Plaintiff alleges civil rights violations. *Bernheim v. Litt* (N.Y. 2d Cir. 1996) 79 F.3d 318, 321-322.

In the instant matter, Plaintiff has sufficiently pleaded a violation of Civil Code section 52.1. Plaintiff's Ninth Cause of Action, violation of California Civil Code section 52.1, incorporates in it all preceding paragraphs of Plaintiff's Complaint (paragraphs 1 through 51), including the statement of facts. At paragraph 10 of his Complaint, Plaintiff alleges that he and a friend witnessed several San Francisco Police Department officers beating a man in a manner that appeared to be excessive. Plaintiff asked the officers "What's going on?" As alleged in Plaintiff's complaint, the act of questioning the officers provoked a violent response from Defendant Officer SERNA, who grabbed Plaintiff from behind and slammed his head several times against the side of a parked paddy-wagon. While doing so, Defendant Officer repeatedly ordered Plaintiff to "Shut up!"

Defendant Officer SERNA slammed Plaintiff's head again after Plaintiff asked Defendant Officer SERNA what his name was and again when Plaintiff asked what he had done. The First Amendment right of freedom of speech protects the rights of citizens to verbally oppose and/or challenge police action so long as that challenge does not involve a threat or fighting words. *Gulliford v. Pierce County* 136 f.3d 1345 (9th Cir. 1997). Threats and fighting words by Plaintiff in the instant matter are absent. As plead, Defendant Officer SERNA's use of excessive force against Plaintiff carried with it the intent to interfere with Plaintiff's substantive rights under the First Amendment to verbally oppose or challenge police action.

Furthermore, Plaintiff alleges in his complaint at paragraph 53 that Defendant Officer SERNA interfered with Plaintiff's exercise and enjoyment of his civil rights, through the use of excessive force, and the failure to make any proper or reasonable detention of said Plaintiff. Defendant Officer SERNA used excessive force to arrest Plaintiff in violation of Plaintiff's Fourth Amendment rights to be free from unreasonable seizures. When Plaintiff initially questioned the San Francisco Police officers who he observed using force against another person, he did so while exercising his First

Amendment rights to free speech, as well as the right not to be arrested without probable cause and the right not to have unreasonable force used against him. The "threats, intimidation and coercion" of Defendant Officer SERNA were physical as well as verbal (in the form of "shut up"). One can reasonably draw the inference that the Defendant Officers, including Defendant Officer SERNA, intended to violate Plaintiff's First and Fourth Amendment rights by the use of excessive force and false arrest.

In *Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.* 387 F.Supp.2d 1084, 1102-1104 (N.D.Cal, 2005) Magistrate Judge Chen held that a Plaintiff stated sufficient facts to support a violation of California Civil Code section 52.1 based on alleged interference with that Plaintiff's right to be free from unreasonable searches and seizures under the California Constitution. In that case, Magistrate Judge Chen found that "Use of law enforcement authority to effectuate a stop, detention (including the use of handcuffs), and search can constitute interference by 'threat[ ], intimidation, or coercion' if the officer lacks probable cause to initiate the stop, maintain the detention, and continue a search." *Id* at 1103.

As stated in *Jones v. Kmart Corp.,* 17 Cal. 4th 329, 334 (1998), section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." Plaintiff MAESTRINI has alleged a use of force and a false imprisonment that interfered with his legal rights under the Fourth Amendment. The use of force and the false imprisonment committed by Defendant Officer SERNA were done under his law enforcement authority to use force and make detentions. As pleaded by Plaintiff MAESTRINI, these interferences with Plaintiff's legal rights were without probable cause to detain or arrest, and without lawful justification to use the force alleged by Plaintiff. Lacking justification or probable cause, Defendant SERNA's use of his law enforcement authority constitutes interference by threats, intimidation, or coercion in violating Plaintiff's rights.

### III. PLAINTIFF CAN MAINTAIN HIS STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IN ADDITION TO BATTERY BY A POLICE OFFICER

Plaintiff will dismiss his negligence claims against Defendants, since this matter is a case of excessive force and false arrest.

Although not addressed by Defendants, Plaintiff's Fifth Cause of Action is a state law claim against Defendant Officer SERNA and DOES 1-10 for False Imprisonment. Plaintiff alleges that Defendant Officer SERNA and DOES 1-10 falsely imprisoned him without probable cause and used excessive force against him while he was falsely imprisoned. Plaintiff also alleges that there was no reasonable basis upon which the Defendant Officers could have believed that Plaintiff committed any of the crimes for which they issued him a citation. This is a prima facie claim for false imprisonment, and it does not appear to be contested by Defendants to the extent their instant motion seeks dismissal only of state-law claims pertaining to the use of force by an officer other than Battery by a Police Officer, including Plaintiffs sixth, seventh, eighth, ninth, tenth and eleventh causes of action.

There is no support to Defendants assertion that a finding that a police officer committed Battery by a Police Officer prevents an officer from also being held liable for Intentional Infliction of Emotional Distress, which may include use of force allegations.

Defendants argue that Plaintiff has the burden of proving unreasonableness of the force used by the Defendant Officers in this matter to make a prima facie case of Battery by a Police Officer. Plaintiff has certainly alleged that the use force against him was unreasonable and do not dispute Defendants' assertion that if an officer's use of force is found to be reasonable, then it is privileged and not subject to further bases of liability. *Edson v. City of Anaheim* 63 Cal.App.4th 1269 decided a wrongful death action in which a police officer shot and killed Robert Edson when the officer

believed that Edson was reaching for a gun.  Leading up to Edson's shooting, Edson reportedly had fled from the officer, then attempted to run the officer over in a vehicle and failed to obey the officer's commands prior to allegedly reaching for a gun and being shot.  Thus, the shooting officer made a split second decision to shoot under a dangerous and fluid circumstance that the Plaintiffs in that case were unable to prove was unreasonable at jury trial.  Because the use of force was justified, there could be no other basis of liability for Edson's shooting, such as negligence.

Here, Plaintiff alleges, in addition to excessive force and false imprisonment, a cause of action for conduct beyond the use of force: Intentional Infliction of Emotional Distress as cause of action number six.  Plaintiff's substantive allegations regarding Intentional Infliction of Emotional Distress are at paragraphs 43 and 44 of his Complaint:

> "43.     The conduct of Defendants SERNA and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.  Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.
> 44.     As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress.  Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants.  Plaintiff has suffered damages as hereinafter set forth."

BAJI 12.70 provides the relevant jury instruction regarding Intentional Infliction of Emotional Distress, which requires showing that the conduct of the Defendant was unprivileged and requires a greater level of intent than the Battery by a Police Officer cause of action:

> "The plaintiff seeks to recover damages based upon a claim of intentional infliction of emotional distress.
> The essential elements of this claim are:
> 1 The defendant engaged in outrageous, [unprivileged] conduct;
> 2. [a.] [The defendant intended to cause plaintiff emotional distress;] [or]
> [b.] [(1) The defendant engaged in the conduct with reckless disregard of the probability of causing plaintiff emotional distress;
> (2) The plaintiff was present at the time the outrageous conduct occurred; and
> (3) The defendant knew that the plaintiff was present;]

3 The plaintiff suffered severe emotional distress; and
4 This outrageous [unprivileged] conduct of the defendant was a cause of the emotional distress suffered by the plaintiff."

The first element of Intentional Infliction of Emotional Distress would not be met if an officer's use of force was found to be privileged, and the cause of action would fail. If it is met and the conduct by the Defendant Officers is not privileged, the remaining elements constitute a separate cause of action from Battery by a Police Officer based on the officer's conduct if it was outrageous and unprivileged. In this matter Officer SERNA's conduct also includes Defendant the use of certain language directed at Plaintiff MAESTRINI, including "Oh, you're crying like a little girl." (at paragraph 12 of Plaintiff's complaint).  Taking Plaintiff's allegations as true, the use of force against Plaintiff by the Defendant Officers was not privileged, and can therefore be considered as evidence, along with his language, in Plaintiff's Intentional Infliction of Emotional Distress cause of action.

**IV. LIABILITY AGAINST DEFENDANT CITY**

Plaintiff will dismiss his claim for negligence and negligent hiring, retention, training and supervision. However, Defendant remains a proper defendant under California Government Code section 815.2(a), which provides:  "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."

Plaintiff alleges that Defendant SERNA acted within the scope of his employment as a police officer employed by Defendant CITY during the subject-incident of Plaintiff's complaint.  Defendant CITY is therefore liable to Plaintiff under the principles of respondeat superior embodied in Government Code section 815.2.

## CONCLUSION

Plaintiff seeks leave of the Court to amend his Complaint to reflect the contested causes of action and liability of Defendant CITY as described herein.

Dated:  August 9, 2007                    **The Law Offices of John L. Burris**


                                          /s/ Benjamin Nisenbaum_____
                                          Ben Nisenbaum
                                          Attorney for Plaintiff