1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  DAVID B. NEWDORF, State Bar #172960
   SEAN F. CONNOLLY, State Bar #152235
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, 6th Floor
   San Francisco, California 94102-5408
6  Telephone:    (415) 554-3892
   Facsimile:    (415) 554-3837
7  E-Mail:       david.newdorf@sfgov.org

8

9  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
   HEATHER FONG AND JESSE SERNA

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MARCO MAESTRINI, | Case No. C 07-2941 PJH |
|---|---|
| Plaintiff, | **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive, | **[F. R. CIV. P. 12(B)(6)]**<br><br>Judge:         Hon. Phyllis J. Hamilton<br>Hearing Date:  September 12, 2007<br>Time:          9:00 A.M.<br>Place:         Crtrm. 3, 17th Floor<br><br>Trial Date:    Not Set |
| Defendants. | |

MOTION TO DISMISS                                       n:\lit\li2007\071561\00434183.doc
CASE NO. C 07-2941 PJH

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

REPLY BRIEF............................................................................................................................1

    I.     PLAINTIFF DOES NOT PLEAD A CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1........................................................1

         A.     Plaintiff Does Not Allege Interference With A Protected Right. ................1

         B.     Civil Code Section 52.1 Requires Plaintiff To Allege A Separate Interference With A Protected Right In Addition To The Use Of "Threats, Intimidation, Or Coercion." .........................................................2

             1.     The Plain Language Of The Statute Requires Two Separate Elements................................................................................................2

             2.     State and Federal Cases Recognize That Two Distinct Elements Are Required Under Section 52.1....................................................4

    II.    DEFENDANTS ARE NOT LIABLE FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS A MATTER OF LAW..........................................6

CONCLUSION............................................................................................................................6

# TABLE OF AUTHORITIES

**State Cases**

*City and County of San Francisco v. Ballard*
   136 Cal. App. 4th 381 (2006) ...................................................................................4

*City of Pomona v. Superior Court*
   89 Cal. App. 4th 793 (2001) .....................................................................................2

*Jeld-Wen Inc. v. Superior Court*
   131 Cal. App. 4th 853 (2005) ...................................................................................6

*Jones v. Kmart Corp.*
   17 Cal. 4th 329 (1998) .............................................................................................3

*Longval v. Commissioner of Correction*
   535 N.E. 2d 588 (Mass. 1989) .................................................................................5

*Pheasant Ridge Assocs. Ltd. Partnership v. Burlington*
   506 N.E.2d 1152 (Mass. 1987) .................................................................................5

*Venegas v. County of Los Angeles*
   153 Cal. App. 4th 1230, 63 Cal. Rptr 3d 741, (2007)...............................................2

**State Statutes & Codes**

Civil Code § 52.1 ...............................................................................................................2

**Federal Cases**

*Cole v. Doe 1 Through 2 Officers of the City of Emeryville Police Department*
   387 F. Supp. 2d 1084 (N.D. Cal. 2005) ...................................................................5

*Lugar v. Edmonson Oil Co.*
   457 U.S. 922 (1982)..................................................................................................2

*Rios v. City of Fresno*
   2006 WL 3300452 (E.D. Cal. Nov. 14, 2006)..........................................................4

*United States v. Wenner*
   351 F.3d 969 (9th Cir. 2003) ....................................................................................3

# REPLY BRIEF

Plaintiff has agreed in his opposition to dismiss claims under California Civil Code section 51.7, negligence, negligent infliction of emotional distress, and negligent hiring, retention, training and supervision. Below, defendants address the defectively pled claims under Civil Code section 52.1 and intentional infliction of emotional distress.

## I. PLAINTIFF DOES NOT PLEAD A CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1.

Contrary to his argument, Plaintiff does *not* allege any intent to interfere with protected rights and must do so in order to support a claim under Civil Code section 52.1.

### A. Plaintiff Does Not Allege Interference With A Protected Right.

Although Plaintiff suggests he could amend the Complaint to satisfy this requirement (which defendants do not oppose), he has not alleged the required interference with a protected right. Plaintiff rests his argument on two paragraphs in the Complaint (which contain false allegations but must be accepted as true only for purposes of this motion):

> 10. Plaintiff and his friend saw a person unknown to them being beaten by several San Francisco police officers. . . . Plaintiff asked the officers "What's going on?" Defendant Officer SERNA immediately grabbed Plaintiff from behind and slammed him against a parked paddy-wagon. Defendant Officer SERNA yelled at Plaintiff, repeatedly telling him to "Shut up!"
>
> * * *
>
> 53. The conduct of Defendants SERNA . . . violated California Civil Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights through use of wrongful and excessive force, and failure to make any proper or reasonable detention of said Plaintiff.

Nowhere do these two paragraphs – or any other allegation in the Complaint – make the required nexus between the use of "threats, intimidation or coercion" and "interfere[ence] . . . with the exercise or enjoyment by any individual or individuals of rights" protected by law. *See* Civil Code § 52.1(a).

### B. Civil Code Section 52.1 Requires Plaintiff To Allege A Separate Interference With A Protected Right In Addition To The Use Of "Threats, Intimidation, Or Coercion."

#### 1. The Plain Language Of The Statute Requires Two Separate Elements.

The plain language of the statute shows that there are two distinct and separate elements required to show a violation of Civil Code section 52.1. This section prohibits conduct that

> interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state…

Cal. Civil Code § 52.1(a).

The state statute differs from the federal Civil Rights Act, 42 U.S.C. § 1983, in two significant respects. *See Venegas v. County of Los Angeles,* 153 Cal. App. 4th 1230, 63 Cal. Rptr 3d 741, 750 (2007). These differences are instructive. First, the state statue prohibits conduct "whether or not acting under color of law." *Id.;* Civil Code § 52.1(a). By contrast, Section 1983 applies *only* to conduct "under color of law."[1] Second, the state statue does not permit a cause of action for any interference with protected rights, but only the use of "threats, intimidation, or coercion" that interfere, or attempt to interfere, "with the exercise or enjoyment by any individual of rights" under law. By contrast, Section 1983 creates a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Venegas,* 63 Cal. Rptr. 3d at 750. Section 1983, therefore, makes *any* constitutional violation actionable.

If the California Legislature had wanted to create a state analog to the federal Civil Rights Act, it would have copied the federal act, as it has in other situations. *See, e.g., City of Pomona v. Superior Court,* 89 Cal. App. 4th 793, 801 (2001) (California courts consider federal precedents in interpreting the state False Claims Act because this statute was modeled after the federal False Claims Act). Instead, California modeled its act after the Massachusetts Civil Rights Act, which also requires conduct that "interfere[s]. . . by threats, intimidation or coercion, with the exercise or

---

[1] Under Section 1983, only "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law is action taken 'under color of state law.'" *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982)

enjoyment by any other person or persons of rights" protected by federal or Massachusetts law. *See Jones v. Kmart Corp.*, 17 Cal. 4th 329, 335 (1998) (stating the California modeled its act after Massachusetts Civil Rights Act). A ruling that equates the scope of the state Civil Rights Act with Section 1983 would ignore the plain language of the statute and make the requirement for "threats, intimidation or coercion" mere surplusage. *United States v. Wenner,* 351 F.3d 969, 975 (9th Cir. 2003) (statute should not be construed to render certain words or phrases mere surplusage).

In further support of the distinction between conduct that is a "threat, intimidation or coercion" and the violation of rights, the state statute uses the phrase the "exercise or enjoyment" of rights. This phrase signifies active or positive conduct in furtherance of a constitutional right. For example, engaging in protected speech may be the "exercise or enjoyment" of First Amendment rights. Similarly, casting a ballot is the "exercise or enjoyment" of the right to vote. It would clearly violate Section 52.1 to threaten violence against a person to deter him or her from voting or speaking at a public meeting. But section 1983 is different and broader, and the federal Civil Rights Act makes actionable "deprivation of *any* rights, privileges or immunities." *See* 42. U.S.C. § 1983 (emphasis added).

California courts recognize this distinction, which is embodied in the standard civil jury instruction that requires proof of the following element:

> 2.    [That [name of plaintiff] reasonably believed that if [he/she] exercised [his/her] right [insert right, e.g., "to vote"] [name of defendant] would commit violence against [him/her] or [his/her] property;]
>
> [That [name of defendant] injured [name of plaintiff] or [his/her] property to prevent [him/her] from exercising [his/her] right to [insert right] or retaliate against [name of plaintiff] for having exercised [his/her] right [insert right];]

(CACI No. 3025.) Thus, under the statute, plaintiff must show *both* "threats, intimidation and coercion" *and* an interference or attempted interference with a state or federal right. This requirement is not met simply by the allegation that an officer used excessive force that deprived plaintiff of his Fourth Amendment rights.

### 2. State and Federal Cases Recognize That Two Distinct Elements Are Required Under Section 52.1.

The federal district court for the Eastern District of California faced the distinction between deprivation of rights under § 1983 versus interference with the "exercise or enjoyment of rights" through threats, intimidation or coercion under Section 52.1. The Court ruled that use of a taser to effect an arrest may have been excessive force in violation of plaintiff's Fourth Amendment rights, and that disputed facts in the case required resolution by the factfinder rather than on summary judgment. *Rios v. City of Fresno,* 2006 WL 3300452, at *10 (E.D. Cal. Nov. 14, 2006). However, the court ruled as a matter of law that the use of excessive force – even if proved – would not by itself violate Section 52.1:

> [T]here is no evidence that any defendant attempted to interfere with a specific constitutional right by threats, intimidation or coercion, or by committing or threatening to commit a violent act against plaintiff or that plaintiff reasonably believed that if he exercised a specific constitutional right, defendants would commit violence against him.

*Id.* at *20 (granting summary judgment to defendants on Section 52.1 claim); *accord City and County of San Francisco v. Ballard,* 136 Cal. App. 4th 381, 408 (2006) (demurrer properly sustained without leave to amend because "city did not interfere with any legal right" and plaintiff "completely failed to satisfy the requirement that city engaged in a form of coercion").

In Massachusetts, the Supreme Judicial Council noted that using shackles to transport a state prisoner against his will was not, by itself, the kind of "coercion" that violated that state's Civil Rights Act, which is nearly identical to section 52.1.[2] The Court stated:

---

[2] Massachusetts General Law Chapter 12, § 11H states in relevant part:

> Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, the attorney general may bring a civil action for injunctive or other appropriate equitable relief in order to protect the peaceable exercise or enjoyment of the right or rights secured.

This is nearly identical to California Civil Code section 52.1(a). Massachusetts allows a private action for damages, as does California. *See* Mass. General Law Chapter 12 § 11I; California Civil Code § 52.1(b).

> [W]e see no coercion, within the meaning of the State Civil Rights Act, simply from the use of force by prison officials, authorized to use force, in order to compel a prisoner to do something he would not willingly do, even if it turns out that the official had no lawful right to compel the prisoner to take that action.

*Longval v. Commissioner of Correction*, 535 N.E. 2d 588, 593 (Mass. 1989). On the other hand, if prison officials "had some further purpose" in mind, then such conduct *might* violate the act. *Id.* Put another way, conduct that violates a person's rights but "does not seek to force that person unwillingly to do or not to do something otherwise lawful" is not a violation of the state Civil Rights Act. *Pheasant Ridge Assocs. Ltd. Partnership v. Burlington,* 506 N.E.2d 1152, 1158-59 (Mass. 1987) (unlawful governmental taking of land does not violate Massachusetts act).

Plaintiff cites *Cole v. Doe 1 Through 2 Officers of the City of Emeryville Police Department,* 387 F. Supp. 2d 1084 (N.D. Cal. 2005), for the proposition that an unlawful detention under the Fourth Amendment is actionable under Section 52.1. The court in *Cole* did not specifically discuss the relationship between "threats, intimidation or coercion" and the "exercise or enjoyment of rights." Instead, the court focused on whether an unlawful detention could be "threats, intimidation or coercion," and found that it could. However, both in the facts of *Cole,* as well as the cases cited therein, there was an element of coercion that interfered with the "exercise and enjoyment" of some other right.[3] To the extent that *Cole* held that a Fourth Amendment violation based on a detention or

---

[3] In *Cole,* plaintiff alleged that officers "coerc[ed] Mr. Cole to consent to the search of his car, in particular, his trunk." 387 F. Supp. 2d at 1103.

In *Whitworth v. City of Sonoma,* No. A103342, 2004 WL 2106606 (Cal. Ct. App. Sept. 22, 2004) (cited by *Cole*), the court noted that there was coercion that interfered with in an independent right to attend a public meeting:

> . . . Whitworth's allegations are sufficient to establish that he was deterred by "threats, intimidation, or coercion" from entering a meeting open to the public and addressing the District's Board of Directors. We therefore conclude that Whitworth has stated a cause of action that his exclusion from the public meeting deprived him of a right guaranteed by the United States and California Constitutions, specifically the right to petition government for a redress of grievances.

In *Batchelder v. Allied Stores Corp,* 473 N.E.2d 1128 (Mass.1985), quoted in *Whitcomb* and *Cole,* a candidate for political office was distributing handbills on private property, as was his right under Massachusetts law. A uniformed private security officer ordered him to stop, and the court found that this was intimidation or coercion in the exercise of his political rights. *Id.* at 1131.

search without probable cause was sufficient, on its own, to violate Section 52.1, defendants submit that the case was wrongly decided and conflicts with the language of the statute and the cases discussed above.

## II. DEFENDANTS ARE NOT LIABLE FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS A MATTER OF LAW.

Plaintiff have alleged state law claims for injury from use of force by a peace officer under various different theories.[4] Plaintiff argues that intentional infliction of emotional distress is permitted because plaintiff must prove that the conduct was "unprivileged," which satisfies the requirement of CACI Jury Instruction No. 1305 (Battery By A Police Officer) and the officer's privilege to use reasonable force under the California Penal Code section 835a. Duplicative state law claims cannot be piled on to give plaintiffs multiple bites at the liability apple. *See Jeld-Wen Inc. v. Superior Court,* 131 Cal. App. 4th 853, 872 (2005) (dismissing plaintiff's negligent entrustment claim against employer because it was subsumed in the negligence claim against the employee and unnecessary based on principles of *respondeat superior*).[5]

## CONCLUSION

The Court should grant the motion to dismiss as to the sixth, seventh, eighth, ninth, tenth and eleventh causes of action.

Dated:  August 29, 2007

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
DAVID B. NEWDORF
SEAN F. CONNOLLY
Deputy City Attorneys

By:           /s/
     DAVID B. NEWDORF
Attorneys for Defendants

---

[4] Plaintiff agreed in his opposition to dismiss the claims for negligence and negligent infliction of emotional distress.

[5] But plaintiff may seek damages for emotional distress as part of his claim for battery by a peace officer or for false imprisonment.