JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200     Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
       bnisenbaum@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marco Maestrini,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,<br><br>            Defendants.<br>_____/ | Case No. C 07 2941 PJH<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**<br>**JURY TRIAL DEMANDED** |

INTRODUCTION

On October 29, 2006, Plaintiff MARCO MAESTRINI suffered significant head injuries when he was beaten by Defendant Officer JESSE SERNA and several other San Francisco Police Officer DOES. Plaintiff MAESTRINI and a friend, who was in he process of applying to be a California Highway Patrol Officer, were beaten by Defendant Officer JESSE SERNA and several other unknown San Francisco Police Officer DOES after they questioned the Defendant Officers, who were using apparently excessive force against another man unknown to Plaintiff and his friend. The

blows to Plaintiff's head caused substantial bleeding and Plaintiff was transported to St. Francis Hospital by ambulance. Plaintiff was released from the hospital several hours later after refusing medical recommendations to staple close injuries to his head. No criminal charges were filed against Plaintiff.

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein, MARCO MAESTRINI ("MAESTRINI"), is and was at all times herein mentioned a citizen of the United States residing in the County of San Mateo in California.

3. Defendant City and County of San Francisco ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the City operates the San Francisco Police Department.

4. Defendant HEATHER FONG ("FONG") is and was at all times herein mentioned the Chief of Police for Defendant CITY AND COUNTY OF SAN FRANCISCO. She is being sued in her official capacity.

5. At all times mentioned herein, Defendant JESSE SERNA ("SERNA") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

6. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

Case No. C 07 2941 PJH

2

7. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

8. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## STATEMENT OF FACTS

9. On October 29, 2006, Plaintiff and several friends attended Dragon Bar, a nightclub located at 473 Broadway in the North Beach area of San Francisco. Plaintiff and his friends were dressed in Halloween costumes. Plaintiff dressed for Halloween in a jailbird costume and a long-haired wig. Plaintiff was not intoxicated when he and several friends left Dragon Bar to go home for the night at about 1:30 a.m. The group split up to go to their vehicles. Plaintiff and a friend, who had applied to the California Highway Patrol to become a CHP officer, walked by themselves toward Plaintiff's parked vehicle.

10. Plaintiff and his friend saw a person unknown to them being beaten by several San Francisco police officers. Neither Plaintiff nor his friend knew why the officers used force against the unknown man, but it was clear to Plaintiff that the officers were excessive in their use of force. Both Plaintiff and his friend approached the officers. Plaintiff asked the officers "What's going on?" Defendant Officer SERNA immediately grabbed Plaintiff from behind and slammed him against a parked paddy-wagon.   Defendant Officer SERNA yelled at Plaintiff, repeatedly telling him to "Shut up!"

11. Plaintiff was stunned by Defendant Officer SERNA's attack. Defendant Officer SERNA handcuffed Plaintiff, and Plaintiff asked him what the officers' name was. Defendant Officer SERNA then slammed Plaintiff's head against the paddy-wagon. Plaintiff objected and asked the officer, "What did I do?". Defendant Officer SERNA struck Plaintiff on the head and slammed

him to the ground.  Plaintiff's friend was still standing while being struck by unknown Defendant Officer DOES.  Plaintiff's Halloween costume was ripped off him by Defendant Officers during the attack. The costume was left ruined at the scene. Blood flowed from the wounds inflicted to Plaintiff's head.

12. Plaintiff was detained while an ambulance came to the scene. Plaintiff asked Defendant Officer SERNA why he was being detained.  Defendant Officer SERNA told Plaintiff in a surly tone, "Oh, you're crying like a little girl."  Plaintiff was strapped to a gurney once the ambulance arrived and then was transported to St. Francis Hospital.

13. At St. Francis Hospital, doctors attempted to staple close the wounds to Plaintiff's head.  Plaintiff refused the staples.  Plaintiff was released from St. Francis Hospital several hours later after undergoing a brain-scan. No testing for alcohol was ever performed on Plaintiff and no criminal charges were ever filed against him.  Plaintiff incurred approximately $4,000.00 in medical bills from St. Francis Hospital due to the subject-incident.  Plaintiff subsequently was examined by his primary care provider at the Palo Alto Medical Foundation. Plaintiff took photographs of a portion of his physical injuries. Plaintiff suffered severe headaches for about three to four weeks following the unjustifiable beating.  Plaintiff also suffered damage to his right ear which caused it to be cut and swollen, and caused consistent pain to the right ear for approximately one month.

14. Plaintiff suffered from psychological distress including recurring nightmares as a consequence of the brutal and malicious attack against him by the Defendant Officers. Approximately two to three months after the subject-incident Plaintiff filed a complaint against the Defendant Officers with Office of Citizen Complaints ("OCC") in San Francisco.  Although Plaintiff has received minimal information from OCC, he has been contacted by at least two Criminal Defense attorneys' offices whose clients have faced charges due to arrests made by Defendant Officer SERNA.  Plaintiff alleges that Defendant Officer SERNA has a long history of committing abuse under the color of his authority as a San Francisco Police Officer.  Plaintiff further alleges that this pattern of abuse by Defendant Officer SERNA, as documented in media accounts and several other civil lawsuits filed against Defendant Officer SERNA alleging use of excessive force, extreme and outrageous comments to the victims of his abuse, and lies by Defendant Officer SERNA to cover up

his own wrongful conduct, has been sanctioned by Defendant CITY AND COUNTY OF SAN FRANCISCO through Defendant Chief of Police HEATHER FONG's deliberate indifference to Defendant Officer SERNA's misconduct.

15. The use of force against and detention of Plaintiff on October 29, 2006, was malicious, wanton and was done without any just provocation or cause, proximately causing Plaintiff's damages.

16. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

17. As a proximate result of defendants' conduct, plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States citizen.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant Officer SERNA, and DOES 1-10)

18. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 17 of this Complaint.

19. In doing the acts complained of herein, Defendants SERNA, and DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, HEATHER FONG, and DOES 11-25)

20 Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through19 of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that high ranking City of San Francisco officials, including high ranking police supervisors, such as Defendant HEATHER FONG, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by defendant Officers SERNA, and DOES 1-10, and/or each of them.

22. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants FONG, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

23. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants SERNA and DOES 1-10, and/or each of them, Defendants FONG, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein.

24. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City and County of San Francisco officials, including high ranking City and County of San Francisco Police Department supervisors, Defendants FONG, DOES 11-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

25. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY AND COUNTY OF SAN FRANCISCO)

26.     Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 25 of this Complaint.

27.     As against Defendant CITY, Defendant FONG and/or DOES 11-25 in her/their capacity as official policy-maker(s) for the CITY AND COUNTY OF SAN FRANCISCO, plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY AND COUNTY OF SAN FRANCISCO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

28.     Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, FONG, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

29.     The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

30.     Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies

of deliberate indifference in the training, supervision and/or discipline of members of the Defendant SAN FRANCISCO Police Department.

31. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendant SERNA, DOES 1-10, and/or each of them.

32. The aforementioned customs, policies or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

33. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Assault and Battery)
(Against Defendants SERNA and DOES 1-10)

34. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 33 of this Complaint.

35. Defendants SERNA and DOES 1-10, inclusive, placed Plaintiff in immediate fear of death and severe bodily harm by attacking and battering him without any just provocation or cause.

36. These defendants' conduct was neither privileged nor justified under statute or common law.

37. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(False Imprisonment)
(Against Defendants SERNA, and DOES 1-10)

38. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint.

39. Defendants SERNA and DOES 1-10, inclusive, falsely imprisoned Plaintiff without probable cause. Plaintiff had not committed any of the crimes with which he was cited, and there was no basis upon which defendants could have reasonably believed that plaintiff had committed any of the crimes with which he was cited.

40. Defendants SERNA and DOES 1-10, inclusive, failed to observe proper procedures in falsely imprisoning Plaintiff without probable cause. These defendants exceeded the limits of their authority as police officers in falsely imprisoning the plaintiff without probable cause, and in using excessive and unnecessary force against plaintiff while they falsely imprisoned him.

41. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants SERNA and DOES 1-10)

42. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

43. The conduct of Defendants SERNA and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens

in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.

44.    As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants. Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SEVENTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Plaintiff against Defendants SERNA and DOES 1-10)

45.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint.

46.    The conduct of Defendants SERNA and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights, including, but not limited to, Plaintiff's First and Fourth Amendment United States Constitutional rights, through use of wrongful and excessive force, and failure to make any proper or reasonable detention of said Plaintiff. Plaintiff further alleges that the interference with his civil rights by Defendant Officers SERNA and DOES 1-10, inclusive, as described herein, was done at least in part in retaliation against Plaintiff for Plaintiff's exercise and/or enjoyment of his First and/or Fourth Amendment United States Constitutional rights.

47.    As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

48. Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiff pursuant to respondeat superior.

49. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

### JURY DEMAND

50. Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $500,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum of $500,000.00
4. For injunctive relief enjoining Defendant CITY AND COUNTY OF SAN FRANCISCO from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;
5. For violation of California Civil Code Sections 52 and 52.1, punitive damages, statutory damages, and reasonable attorney's fees;
6. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
7. For cost of suit herein incurred; and
8. For such other and further relief as the Court deems just and proper.

Dated: September 12, 2007                **The Law Offices of John L. Burris**

/s/ John L. Burris _____
John L. Burris
Attorney for Plaintiff