JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200    Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
       bnisenbaum@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marco Maestrini,<br><br>         Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,<br><br>         Defendants.<br>_____/ | Case No. C 07 2941 PJH<br><br>**INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Time: 2:30 p.m.<br>Date: September 27, 2007<br>Location: Ctrm 3, 17th Floor |

1. <u>Jurisdiction and Service</u>: This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district. All defendants have been served and have appeared. Defendants' answer to the First Amended Complaint is due October 9, 2007.

2. <u>Facts</u>:

<u>Plaintiff's contentions:</u>

On October 29, 2006, at about 1:30 a.m., Plaintiff MARCO MAESTRINI suffered significant head injuries when he was beaten by Defendant Officer JESSE SERNA and several other San Francisco Police Officer DOES.  Plaintiff MAESTRINI and a friend, Brandon Brock, who was in the process of applying to be a California Highway Patrol Officer, were beaten by Defendant Officer JESSE SERNA and several other unknown San Francisco Police Officer DOES after they questioned the Defendant Officers, who were using apparently excessive force against another man unknown to Plaintiff and Mr. Brock.

Plaintiff was dressed in Halloween costume. Ironically, Plaintiff had chosen to wear a "jailbird" costume.  Plaintiff and Mr. Brock had been at the Dragon Bar in the Northbeach nightclub district of San Francisco with several other friends. While Mr. Brock was intoxicated, Plaintiff was not intoxicated.  Plaintiff and Mr. Brock did nothing other than ask the officers what was going on upon noticing the officers' use of apparent excessive force. Defendant Officer SERNA then grabbed Plaintiff from behind and slammed him against a parked paddy-wagon. Defendant Officer SERNA ordered Plaintiff to "Shut Up!"  Defendant Officer SERNA then handcuffed Plaintiff. After Plaintiff asked the officer for his name, SERNA slammed Plaintiff's head against the paddy-wagon.  When Plaintiff asked the officer, "What did I do?" SERNA struck Plaintiff on the head and slammed him to the ground.

Plaintiff bled substantially from his head and was detained by SERNA. While awaiting an ambulance, Plaintiff asked Defendant SERNA why he was being detained. In response, Defendant Officer SERNA told Plaintiff that he was crying like a little girl.  Plaintiff was transported on a gurney by ambulance to St. Francis Hospital, where doctors attempted to staple close the bleeding wounds to Plaintiff's head. Plaintiff refused the staples. Plaintiff was released at St. Francis Hospital with a notice to appear after undergoing a brain-scan. No charges were filed against Plaintiff. Plaintiff incurred approximately $4,000.00 in medical bills from St. Francis due to the subject-incident.

Mr. Brock witnessed the use of excessive force against Plaintiff. After the officers had Plaintiff detained at the scene, Mr. Brock told SERNA that he had his name and badge number.

Defendant Officer SERNA appeared to become angry, and Mr. Brock turned away to leave the scene. As he did, he was tackled from behind by approximately three San Francisco Police officers. He was held down by the officers and then arrested and transported to jail, along with the original man who Plaintiff and Mr. Brock had seen beaten by San Francisco police officers. That man was also dressed in Halloween costume. Mr. Brock saw Plaintiff the next morning after Mr. Brock was released from custody and noted Plaintiff's numerous injuries. Plaintiff was subsequently treated by his primary care physician at Palo Alto Medical Center. Plaintiff later filed a complaint regarding the subject-incident with the Office of Citizen Complaints. Plaintiffs suffered headaches for approximately one month post-incident.

Plaintiff had photographs of his head injuries taken the day after the subject-incident. The photographs depict:  1) Plaintiff's blood soaked t-shirt, 2) contusion to Plaintiff's left upper-forehead at the scalp line, 3) contusion/laceration on the left side of Plaintiff's head above the left ear, 4) contusion to the crown of Plaintiff's head, 5) contusion on the right side of Plaintiff's head behind the right ear, 6) abrasion to Plaintiff's right ear, 7) swelling to the left side of Plaintiff's face around the left cheek, 8) bruising to Plaintiff's elbow, and 9) bruise to Plaintiff's right big toe.

Defendants' Contentions:

On October 29, 2006, Officer Serna was on duty in full police uniform and one of several officers assigned to control the large weekend crowds on Broadway in the North Beach district of San Francisco, where numerous bars and restaurants are located. The area was particularly busy at this time (approximately 1:15 a.m.) as it was a weekend night a few days before Halloween. In the area of 463 Broadway, other uniformed police officers were attempting to disperse a large crowd. According to the S.F.P.D. incident report, Officer Serna saw two men (plaintiff Maestrini and his companion, who had evidently just left one of the local bars) standing in the street. Officer Serna issued a lawful verbal command to the two men to get out of the street and back on the sidewalk. The two men did not move. Officer Serna repeated the command to get out of the street and back on the sidewalk. Plaintiff and his companion evidently heard this command, because they responded that they did not have to get out of the street or comply with a police order. They in fact remained in the street on Broadway.

According to the incident report, both men showed signs of intoxication, including an odor of alcohol and unsteadiness. Officer Serna attempted to detain plaintiff for public intoxication. Plaintiff backed away from Officer Serna to evade the detention. Officer Serna grabbed plaintiff's shirt and was attempted to gain control over plaintiff. Due to plaintiff's intoxication and his attempt to resist Officer Serna, plaintiff fell into the street. At this point, Maestrini was handcuffed without further incident. Sheriff's Deputies searched plaintiff at the scene before he was to be transported to County Jail for detention until he was sober enough to be released. The deputies noticed that Maestrini was bleeding from his head. Officers called S.F.F.D. medics to treat Maestrini's injury. The medics determined that he should be transported to S.F. General Hospital. Because Maestrini would be under the care of medical personnel at the hospital, Officer Serna decided it was unnecessary to cite or arrest plaintiff for violation of Penal Code section 647(f), public intoxication, since this offense was routinely dismissed following a "Release When Sober" (RWS) from the county jail. Officer Serna released plaintiff without charges (pursuant to Penal Code section 849b) to the care of the S.F.F.D. medics. Plaintiff's companion was processed for 647(f) and released from county jail after about three hours.

Pursuant to S.F.P.D. policy, Officer Serna reported Maestrini's injury to his supervisor, who directed that an entry be made in the Use of Force log.

3. <u>Legal Issues</u>: Plaintiff's Contentions. Plaintiff's causes of action include violation of 42 U.S.C. section 1983 against Defendant Officer SERNA for excess force and false arrest, and against Chief FONG and Defendant CITY for *Monell* violations. Plaintiff alleges that Defendant SERNA has a significant history of using excessive force and fabrication, which Defendant CITY ratified through its deliberate indifference. Plaintiff also alleges ancillary state law causes of action, including assault and battery, false imprisonment, intentional infliction of emotional distress, violation of civil code section 52.1, and negligence. Probable cause to arrest and the reasonableness of the use of force are contested legal issues in this case, as well as damages incurred by Plaintiff.

Initial Joint Case Management Conference Statement–
Case No. C 07 2941 PJH

4

Defendants' Contentions:

Defendants identify the following issues: (1) Whether plaintiff appeared to be or was intoxicated; (2) Whether the officer had reasonable cause to detain plaintiff; (3) Whether the officer used appropriate force in attempting to detain plaintiff; (4) whether plaintiff's injuries were caused by any official custom, practice or policy of the City; (5) whether the officer's use of force was the proximate cause of plaintiff's injuries. (6) whether the defendants are entitled to qualified immunity.

4. <u>Motions</u>: Since the ruling on Defendants 12(b)(6) motion to dismiss and the filing of Plaintiff's amended complaint, no motions are pending before the Court. Plaintiff's motions to relate two other pending cases against Defendant Officer SERNA to the instant-matter, filed in *Gregory Oliver, II, v. City of San Francisco, et al.* case no. C 07 02460 JL (date of incident: August 20, 2006) for purposes of conducting *Monell* discovery was denied by Judge Larson. The third pending case against Defendant Officer SERNA is *Hwang v. City and County of San Francisco, et al.* case no. C 07 2718 WDB (Date of incident: May 12, 2007). Plaintiff will file appropriate discovery motions regarding Defendant Officer SERNA's background, training, prior complaints and discipline if no agreement is reached with Defendants.

Defendants may file dispositive motions regarding qualified immunity and *Monell* liability.

5. <u>Amendment of Pleadings</u>: Plaintiff has filed an Amended Complaint that reflects the stipulated dismissal of certain causes of action, and to state with clarity the Constitutional violations that form the basis of Plaintiff's cause of action for violation of California Civil Code section 52.1.

6. <u>Evidence Preservation</u>: Plaintiff has preserved evidence known to him through photographs and medical examination and records. Defendants have gathered evidence known to them for preservation.

7. <u>Disclosures</u>:  Plaintiff shall make his initial disclosures by the date of the Initial Joint Case Management Conference, including at least one named percipient witness, treating medical providers, photographs of Plaintiff's injuries, and witnesses who had been out with Plaintiff leading up to the subject-incident.  Defendants will arrange for a simultaneous exchange of initial disclosures prior to the conference.

8. <u>Discovery</u>:  Plaintiffs anticipate conduction discovery pursuant to the Federal and Local Rules, including 25 each per party of Special Interrogatories, Requests for Production of Documents, and Requests for Admissions, with up to 10 Depositions per side.  Plaintiffs will seek the production of Defendant Officer SERNA's personnel records pursuant to a stipulated protective order or by motion.

Defendants will also conduct discovery pursuant to Federal and Local Rules.  Given the number of parties and witnesses, defendants believe that five depositions per side is more than sufficient.  In light of plaintiff's claim of infliction of severe emotional distress, defendants are entitled to an independent psychological examination of plaintiff's mental condition pursuant to Fed. R. Civ. P. 35.

9. <u>Class Actions</u>: This is not a class-action matter.

10. <u>Related cases</u>:  Plaintiff's motion for related cases has been denied in *Gregory Oliver, II, v. City of San Francisco, et al.* case no. C 07 02460 JL (date of incident: August 20, 2006), which was the first of three lawsuits filed by Plaintiff's counsel against Defendant Officer SERNA. The three incident dates span a period of time from August 20, 2006 to May 12, 2007, each incident occurring at night in the nightclub section of North Beach, involving roughly similar factual circumstances.  Plaintiff's counsel is aware of a fourth lawsuit that is either pending against Defendant Officer SERNA, or expected to be filed shortly.  Plaintiff's counsel does not represent the

Plaintiff in that matter.  Plaintiff does not anticipate any of these matters being consolidated for trial.  In accordance with Judge Larson's order on the motion, defendants do not believe that any of these cases are related under the Local Rules.

11. <u>Relief</u>:  Plaintiff seeks damages including General Damages in a sum according to proof, including emotional distress damages, damages for false arrest and physical injury, violation of Civil Code section 52.1 of $4,000.00 per count as a penalty in addition to actual damages, punitive damages according to proof, costs and attorneys fees according to proof.  Plaintiff also seeks injunctive relief pursuant to Civil Code section 52.1, enjoining Defendants from using or authorizing the use of excessive force and making false arrests.

12. <u>Settlement and ADR</u>:  The parties request a settlement conference before a magistrate judge.  Failing that, the plaintiff prefers mediation.  The parties expect they will be in a position to discuss settlement after the depositions of the parties have been conducted.

13. <u>Consent to Magistrate Judge for all purposes</u>:  Plaintiff would consent to a magistrate judge for all purposes, including trial.  Defendants have not consented to a magistrate judge.

14. <u>Other reference</u>:  Not applicable.

15. <u>Narrowing of Issues</u>:  None at this time.

16. <u>Expedited Schedule</u>:  Not at this time.

17. <u>Scheduling</u>:  Plaintiffs request a trial date in October or November 2008.  Defendants believe the case should be prepared for trial in January or February 2009.

18. <u>Trial</u>:  The parties have demanded a jury trial, expected to last between 5 to 7 days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:  Plaintiff will file his separate disclosure prior to the Joint Case Management Conference.  Pursuant to Civil L.R. 3-16, there is no such interest to report.  Defendants also have no such interest to report.

20. <u>Other matters</u>:  None at this point.

Dated:  September 20, 2007                                    **The Law Offices of John L. Burris**

          /s/
Ben Nisenbaum
Attorney for Plaintiff

Dated:  September 20, 2007

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
DAVID B. NEWDORF
SEAN F. CONNOLLY
Deputy City Attorney


By:        /s/
DAVID B. NEWDORF
Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, IN HER OFFICIAL CAPACITY,
AND JESSE SERNA